UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

MIAMI DIVISION

BPF PHOTOGRAPHY, INC.                    CASE NO.:

        Plaintiff,

v.

HEALTHYPLACE.COM, INC. and
GARY KOPLIN, individually

        Defendant.

_____/

## COMPLAINT

Plaintiff, BPF PHOTOGRAPHY, INC. by and through undersigned counsel sues the Defendant, HEALTHYPLACE.COM, INC. and GARY KOPLIN, individually and as grounds therefore states the following:

1. This is an action for infringement of copyright pursuant to Title 17, United States Code.

2. Jurisdiction is founded upon 28 U.S.C. Section 1338.

3. Venue is proper in this judicial district pursuant to 28 U.S.C. Section 1400(a).

4. Barbara P. Fernandez is Sui Juris and a professional photographer who resides in Miami, Florida and has resided there at all times material hereto.

5. BPF Photography, Inc. is a Florida Corporation.

6. The Defendant, HEALTHYPLACE.COM, INC. is a foreign corporation which did business in Miami-Dade County, Florida at all times material hereto, and committed an intentional tort, copyright infringement, which caused harm to the Plaintiff in Miami, Florida.

7. In connection with the operation of their business, Defendants HEALTHYPLACE.COM, INC. broadcasted and caused content to be broadcasted to Florida residents on a regular basis, and distributed information to be broadcasted by others to Florida audiences at all times material hereto.

8. In connection with the operation of her business as a professional photographer, Plaintiff created photographic images of Jessica Schneider undergoing the feeding tube diet; which photographs she licensed to the New York Times for their use.

9. Defendant, HEALTHYPLACE.COM, INC., without permission or license from Plaintiff or the New York Times distributed and published at least one of the subject images on their website, healthyplace.com, on April 23, 2012 and other dates presently unknown.

10. The Defendant, GARY KOPLIN is sui juris and did business in Miami-Dade County, Florida at all times material hereto, and committed an intentional tort, copyright infringement, which caused harm to the Plaintiff in Miami, Florida.

11. Defendant, GARY KOPLIN without permission or license from Plaintiff or the New York Times distributed and published at least one of the subject images on the website, healthyplace.com, on April 23, 2012 and other dates presently unknown.

12. The photographs described herein were authored and copyrighted by Barbara P. Fernandez and said copyright was assigned by her to BPF Photography, Inc.

13. The photographs were registered with the United States Copyright office within three months of their first publication; which first publication was on April 13, 2012.

14. A copy of the registration certificate is attached hereto as Exhibit "A"

15. Defendant, HEALTHYPLACE.COM, INC. broadcasted and distributed

Plaintiffs' photograph(s) to its subsidiaries, outlets, and others who broadcast same and additionally placed them on the World Wide Web. Plaintiffs' photographs now appear throughout the world. Defendant, HEALTHYPLACE.COM, INC. without permission and in knowing violation of copyright law used Plaintiffs' photographs to support their website. Attached as Exhibit "B" are copies of the photograph(s) used by Defendants.

16. Prior to the institution of this action, and within three months of first publication, Barbara P. Fernandez, complied in all respects with Title 17, United States Code and the laws governing copyright by registering the images in question with the Registrar of Copyrights and by complying with all statutory deposit requirements of Title 17 U.S.C. §407.

17. Prior to the institution of this action, Plaintiff notified Defendants of their infringing uses.

## COUNT I
## COPYRIGHT INFRINGEMENT AGAINST HEALTHYPLACE.COM, INC.

Plaintiff readopts and re-alleges paragraphs 1 through 17 as if fully set forth herein and further states as follows:

18. Defendant, HEALTHYPLACE.COM, INC. was not authorized to use, alter, distribute, or make available for use Plaintiff's photograph(s) and is thus liable as a direct infringer.

19. Defendant, HEALTHYPLACE.COM, INC. infringed upon the copyright by using and/or distributing the photograph(s) identified above and causing it to be published and placed on the market without Plaintiffs' consent. An example of Defendant's infringing use is attached hereto as Exhibit "C".

20. Defendant, HEALTHYPLACE.COM, INC. illegally profited from its infringing activities.

21. Defendant, HEALTHYPLACE.COM, INC. is directly liable for copyright infringement pursuant to copyright law.

**WHEREFORE**, Plaintiff BPF PHOTOGRAPHY, INC. demands: That Defendant HEALTHYPLACE.COM, INC. be required to pay all statutory damages and such damages as Plaintiffs have sustained in consequence of Defendant's infringement of said copyright and to account and pay for all gains, profits and advantages derived by Defendant in its' infringement of Plaintiffs' copyright or such damages as the Court may deem proper within the provisions of the copyright statutes; that Defendant be required to pay all costs of this action and reasonable attorney's fees to be allowed to the Plaintiffs by this Court; and that Plaintiff have such other and further relief as is just and triable by a jury.

## COUNT II
## INJUNCTIVE RELIEF

Plaintiff, BPF PHOTOGRAPHY, INC. readopts and realleges paragraphs 1 through 17 as if fully set forth herein and further states as follows:

22. Defendant, HEALTHYPLACE.COM, INC. has, without permission and in knowing violation of copyright law, made continued use of Plaintiff's photograph(s).

23. Plaintiff has suffered an irreparable harm as a result of Defendant, HEALTHYPLACE.COM, INC.'s unauthorized use of the photographs.

24. Defendant, HEALTHYPLACE.COM, INC., must be prohibited from further use of Plaintiff's photographs in order to prevent continued infringement and further irreparable harm to the Plaintiff.

25. Plaintiff is a professional photographer corporation whose livelihood completely depends on her ability to profit from the licensing of her photographs. Defendant, HEALTHYPLACE.COM, INC. on the other hand, is a company with ample financial resources.

Defendant, HEALTHYPLACE.COM, INC. undoubtedly has the ability to locate and compensate a photographer for use within her work. Considering the balance of hardships between Plaintiff and Defendant, a remedy of injunctive relief is warranted.

**WHEREFORE**, Plaintiff demands: that the court grants injunctive relief restraining Defendant, HEALTHYPLACE.COM, INC. and its agents, servants, employees, successors and assigns, and all those in privity with them, from using Plaintiff's photographs, including but not limited to publication, distribution, display, collateral uses, and advertising, pursuant to 17 U.S.C. § 502.

### COUNT III
### COPYRIGHT INFRINGEMENT AGAINST GARY KOPLIN

Plaintiff readopts and re-alleges paragraphs 1 through 17 as if fully set forth herein and further states as follows:

26. Defendant, GARY KOPLIN, was not authorized to use, alter, distribute, or make available for use Plaintiff's photograph(s) and is thus liable as a direct infringer.

27. Defendant, GARY KOPLIN infringed upon the copyright by using and/or distributing the photograph(s) identified above and causing it to be published and placed on the world wide web without Plaintiffs' consent. An example of Defendant's infringing use is attached hereto as Exhibit "C".

28. Defendant, GARY KOPLIN illegally profited from its infringing activities.

29. Defendant, GARY KOPLIN is directly liable for copyright infringement pursuant to copyright law.

30. In the alternative Defendant, GARY KOPLIN, is liable for vicarious or contributory copyright infringement. Defendant, GARY KOPLIN materially contributed to the acts of infringement and the decisions to utilize the subject photo(s). Defendant, GARY

KOPLIN, also had the ability to control the use and benefited financially from it.

**WHEREFORE**, Plaintiff BPF PHOTOGRAPHY, INC. demands that Defendant GARY KOPLIN be required to pay all statutory damages and such damages as Plaintiffs have sustained in consequence of Defendant's infringement of said copyright and to account and pay for all gains, profits and advantages derived by Defendant in its' infringement of Plaintiffs' copyright or such damages as the Court may deem proper within the provisions of the copyright statutes; that Defendant be required to pay all costs of this action and reasonable attorney's fees to be allowed to the Plaintiffs by this Court; and that Plaintiff have such other and further relief as is just and triable by a jury.

## COUNT IV
## INJUNCTIVE RELIEF

Plaintiff, BPF PHOTOGRAPHY, INC. readopts and realleges paragraphs 1 through 17 as if fully set forth herein and further states as follows:

31. Defendant, GARY KOPLIN has, without permission and in knowing violation of copyright law, made continued use of Plaintiff's photograph(s).

32. Plaintiff has suffered an irreparable harm as a result of Defendant, GARY KOPLIN's unauthorized use of the photographs.

33. Defendant, GARY KOPLIN, must be prohibited from further use of Plaintiff's photographs in order to prevent continued infringement and further irreparable harm to the Plaintiff.

34. Plaintiff is a corporation whose livelihood completely depends on her ability to profit from the licensing of her photographs. Defendant, GARY KOPLIN on the other hand, owns a company with ample financial resources. Defendant, GARY KOPLIN undoubtedly has

the ability to locate and compensate a photographer for use of her work. Considering the balance of hardships between Plaintiff and Defendant, a remedy of injunctive relief is warranted.

**WHEREFORE**, Plaintiff demands that the court grants injunctive relief restraining Defendant, GARY KOPLIN and its agents, servants, employees, successors and assigns, and all those in privity with them, from using Plaintiff's photographs, including but not limited to publication, distribution, display, collateral uses, and advertising, pursuant to 17 U.S.C. § 502.

**DATED** this 6th day of February, 2013.

**JOHN B. OSTROW, PA**
Counsel for Plaintiffs
Courthouse Tower, Suite 1200
44 West Flagler Street
Miami, Florida 33130
Telephone: (305) 358-1496
Facsimile: (305) 371-7999

By: /s/ John B. Ostrow
JOHN B. OSTROW
Florida Bar Number: 124324
STEPHEN A. OSTROW
Florida Bar Number: 182338